**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF INDIANA**
**SOUTH BEND DIVISION**

| | |
|---|---|
| **SIGMA SWITCHES PLUS, INC.,**<br>Plaintiff,<br><br>v.<br><br>**VISTA MANUFACTURING INC**,<br>Defendant. | **Case No. 3:26-cv-1242** |

# COMPLAINT FOR PATENT INFRINGEMENT

Plaintiff, Sigma Switches Plus, Inc. ("Plaintiff" or "Sigma"), by and through the undersigned counsel, files this Complaint for Patent Infringement against Vista Manufacturing Inc ("Defendant" or "Vista"), and hereby alleges as follows:

## NATURE OF THE ACTION

1. This is a civil action for patent infringement arising under the Patent Laws of the United States, 35 U.S.C. § 1 *et seq*., seeking damages, injunctive and other relief under 35 U.S.C. § 281 *et seq*. Plaintiff's claims are based on the unauthorized and infringing manufacture, importation, use, sale, and/or offer for sale by Defendant, Vista, of LED lighting fixtures.

## THE PARTIES

2. Plaintiff, Sigma, is a domestic for-profit corporation organized and existing under the laws of the State of Indiana and having a principal place of business at 4703 Wyland Drive, ELKHART, IN, 46516, USA

3. Defendant, Vista, is a domestic for-profit corporation organized and existing under the laws of the State of Indiana, having a principal place of business at 2505 Columbia Drive, Elkhart, IN 46514.

4. Vista sells the accused LED lighting fixtures in the Northern District of Indiana.

## JURISDICTION AND VENUE

5. This is an action for patent infringement of United States Patent No. 12,181,127 ("the '127 patent"), 12,276,396 ("the '396 patent"), 12,352,411 ("the '411 patent"), and 12,352,412 ("the '412 patent") arising under the provisions of the Patent Laws of the United States, 35 U.S.C. §§ 271, 281 and 283-285.

6. This Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1338(a).

7. Defendant made, used, offer for sale, and/or sold infringing products which are the subject of the patent infringement cause of action set forth herein.

8. Defendant has committed acts of patent infringement, including making, offering for sale, or selling infringing products within this judicial District.

9. Defendant does and has done substantial business in this District by selling products in this District, including those that infringe the '127, '396, '411, and '412 patents. Defendant has committed, and will continue to commit, acts of patent infringement in this District by direct sales and sales through intermediaries.

10. This Court has personal jurisdiction over Defendant.

11. Venue is proper in this Court under 28 U.S.C. § 1400 because Defendant Vista is incorporated in this District.

## FACTUAL BACKGROUND

12. On December 31, 2024, the United States Patent and Trademark Office duly and legally issued the '127 patent titled "LED Light Holder System." A true and correct copy of the '127 patent is attached to this Complaint as *Exhibit 1*.

13. On April 15, 2025, the United States Patent and Trademark Office duly and legally

issued the ‘396 patent titled “LED Light Holding System.” A true and correct copy of the ‘396 patent is attached to this Complaint as *Exhibit 2.*

14. On July 8, 2025, the United States Patent and Trademark Office duly and legally issued the ‘411 patent titled “LED Light Holding System.” A true and correct copy of the ‘411 patent is attached to this Complaint as *Exhibit 3*.

15. On July 8, 2025, the United States Patent and Trademark Office duly and legally issued the ‘412 patent titled “LED Light Holding System.” A true and correct copy of the ‘412 patent is attached to this Complaint as *Exhibit 4*.

16. The ‘127, ‘396, ‘411, and ‘412 patents have not been found invalid by any court or agency.

17. Plaintiff owns the ‘127, ‘396, ‘411, and ‘412 patents and holds rights to sue and recover damages for infringement thereof, including past infringement.

18. Plaintiff currently makes, sells, and distributes LED light holding systems covered by the ‘127, ‘396, ‘411, and ‘412 patents.

19. Defendant made, used, sold, and/or offered an LED light holding system for sale that infringes one or more claims of the ‘127, ‘396, ‘411, and ‘412 patents, including, but not limited to the “Batten Channels” shown below:





20. Defendant Vista made the LED light holding system available throughout the United States, including this District, through Defendant Vista's website: vistamfg.com/wp-content/uploads/2024/12/PSG_Everest_SC.pdf.

21. The "Accused Product" is defined generally to include an LED light holding system comprised of one or more of the following products manufactured, marketed, distributed, offered for sale, or sold by Defendant or Defendant's customers or distributors, in combination with a retaining strip:

a. The "Batten Channels."

b. The "End Cap."

22. The "Accused Product" is defined specifically for each of Plaintiff's patents, to reflect the limitations contained in each patent.

23. Defendant Vista is a product developer and lighting provider.

24. Defendant Vista advertised lighting products at vistamfg.com/product-solutions/.

25. The upper right-hand corner of the webpage at vistamfg.com ("Homepage") showed five "tabs," titled: "About," "Products," "Industries," "Insights," and "Get in Touch," when viewed from left to right.



26. When following the link attached to "Products," the viewer was redirected to vistamfg.com/product-solutions/.

27. The webpage shown at "vistamfg.com/product-solutions/" contained a fillable text field with "Search…" appearing in gray lettering ("Search bar").




28. Underneath this search bar appeared the words "Product Type" in blue lettering, and underneath these words appeared another field including "Select…" and an arrow indicating a dropdown selection from which the user could select "All" "Lighting," and "Plastic" product types.

29. Underneath this Product Type selection, appeared the word "INDUSTRIES," also in blue lettering, and underneath "INDUSTRIES" appeared "Appliance" "Architectural" "Marine" "RV" and "Vehicular," each with a bubble appearing on their left. A user could select one or more of these industries. A checkmark appeared in the bubble next to each industry selected.

30. When the user selected the "Lighting" Product Type, and the "RV" Industry and

entered "Everest" into the Search bar, and executed the search, the webpage showed pictures of two products, "Everest" and "Everest Plus," each linked to a separate webpage.

31. The webpage linked to "Everest" https://vistamfg.com/product/everest/ showed three tabs, "Description" "Product Details" and "Downloads."






32. When the "Downloads" tab was selected, links to "Product Guide" and "Install Instructions" were displayed on the webpage. *See* below.



33. Selecting the "Product Guide" link displayed a specification sheet.

34. This specification sheet showed a "Batten Channel" as shown on the following page:




| Part Number | | Current (mA/ft) | Wattage (W/ft) | Max Run (ft) | LED Color | CCT/Wave-length | Luminous Flux (lm/ft) |
|---|---|---|---|---|---|---|---|
| Flanged | Non-Flanged | | | | | | |
| 461551 | 461553 | 192 | 2.9 | 16.4 | Warm White | 2900 K | 225 |
| 462552 | 462554 | | | | Red | 623 nm | 65 |
| 463551 | 463553 | | | | Amber | 590 nm | 65 |
| 464551 | 464553 | | | | Natural White | 4500 K | 235 |
| 466551 | 466553 | | | | Blue | 465 nm | 45 |
| 468551 | 468553 | | | | Cool White | 6000 K | 240 |



35. Also on the Everest Product Page appeared the words, "To learn more about this product or connect about a custom solution, please contact us," and the words "Get in Touch" appeared inside a blue field. Selecting this link opened a webpage at https://vistamfg.com/contact-us/ (the "Contact Us Page").

36. On the Contact Us Page, the words "Illuminate Spaces. Brighten Lives" appeared above the words "We'll answer your questions, respect your timeline and budget, and help you merge quality and innovation to give you a competitive advantage." Defendant Vista's phone number, address, and email address appeared on the left-hand side of the webpage, and a user could fill out a contact form to send a message or question to Vista.

37. Vista used the website at vistamfg.com, including the Contact Us Page and the Everest Product Page, to advertise and sell the “Batten Channel” and other products to be used with the “Batten Channel,” including an “End Cap.”

38. Vista used the website at vistamfg.com to instruct an infringing use of the “Batten Channel” with other products.

39. The “Batten Channel” contains features covered by the ‘127, ‘396, ‘411, and ‘412 patents.

40. The “Batten Channel” is an “Accused Product.”

41. Vista copied Sigma’s patented technology to make the “Batten Channel.”

42. The “End Cap” is an “Accused Product.”

43. Vista designed the “End Cap” to be used with the “Batten Channel” as an Accused Product.

44. The “End Caps,” and “Batten Channels” are used together to form Accused Products.

45. The “Batten Channels” and/or “End Caps,” were made or especially adapted for use with retaining strips to infringe Plaintiff’s patents.

46. The “End Caps,” and “Batten Channels” are not staple products and do not have any substantial non-infringing use.

47. Vista sold “Batten Channels” that are used to facilitate and accomplish infringing use.

48. Vista sold “End Caps” that are used to facilitate and accomplish infringing use.

49. Vista used the sales of Accused Products on their website to induce others to purchase products on their website.

50. Vista used the sales of additional products on their website to induce others to purchase Accused Products.

51. Vista advertised the Accused Products.

52. Vista sold the Accused Products.

53. Vista used the sales of the Accused Products to induce customers to purchase other related products.

54. Vista induced others to use the Accused Products sold by Vista together with other related products in an infringing manner.

55. Vista developed products for sale for customers who contacted Vista through the Vista website, which included offers to sell the Accused Product.

56. Vista made, used, and/or distributed the Accused Product.

57. Vista made available offers for sale, and sold the Accused Products online, and across the United States.

58. Vista advertised that its engineering team can deliver "custom lighting and plastic solution that perfectly fits your unique needs."

59. Vista instructed others how to use the Accused Products.

60. Vista sold the Accused Products through the Vista website.

61. Vista induced manufacturers to buy products and install those products together in a manner that directly infringes one or more of Plaintiff Sigma's patents.

62. Vista instructed its clients and/or customers to perform an infringing use of Sigma's patented technology.

63. Vista was made aware of the infringement of the '127, '396, '411, and '412 patents at least as early as the filing of this Complaint.

64. Vista has received at least one letter regarding infringement of each of the aforementioned patents before the filing of this action and which specifically identified those patents by number.

65. Vista has not offered to buy or license the ‘127, ‘396, ‘411, and ‘412 patents from Plaintiff.

66. Vista continues to sell the Accused Products.

67. Vista profits from the sale of Accused Products.

68. Vista continues to sell products related to the Accused Products.

69. The sales of products related to the Accused Products are the result of selling the Accused Products.

70. Examples of products related to the Accused Products are: the End Cap and Batten Channel.

71. Vista knew that its customers would use the Accused Products and related products for an infringing use when it advertised and sold the Accused Products.

72. The End Cap and Batten Channel are designed specifically to encourage infringement.

**<u>COUNT 1: DIRECT INFRINGEMENT OF THE ‘127 PATENT</u>**

73. Paragraphs 1 through 72 of Plaintiff’s Complaint are incorporated into Count 1 of Plaintiff’s Complaint as if fully set forth herein.

74. For reference, Claim 1 of the ‘127 Patent generally covers a light holding system for use in an RV ceiling, said ceiling including a joist having a width and retaining strip having upstanding walls extending from a base, said upstanding walls defining a groove and said groove including retention nubs within said groove, said light holding system comprising:

an elongate light holder having wings defining an outer contoured surface and said wings having tips, a channel extending beneath said outer contoured surface, said channel including overhanging walls adjacent to said outer contoured surface, said channel having lateral walls and said lateral walls joined to a bottom wall, said channel including an opening adjacent to said outer contoured surface, a ridge wall extending from a bottom surface of said bottom wall opposite said channel and said ridge wall including a retention barb, said wings being resiliently bendable between an uninstalled position and an installed position, said uninstalled position locating said tips of said wings at a first distance from said opening and said installed position locating said tips of said wings at a second distance from said opening and said second distance being nearer than said first distance with respect to said opening, when said wings are in said installed position said wings being biased away from said opening and toward said uninstalled position; and

an end cap having an outer shell and said end cap having a coped portion, said coped portion having a complementary fit with said outer contoured surface when said elongate light holder is inserted into said coped portion.

75. In reference to the ‘127 patent, the “Accused Product” includes the “Batten Channel” in combination with the End Cap.

76. The Accused Product is used with a retaining strip that includes a base and upstanding walls defining a groove which includes retention nubs.

77. The Accused Product has an elongate light holder that has wings defining an outer contoured surface.

78. The wings of the Accused Product have tips.

79. The Accused Product has a channel extending beneath the outer contoured surface.

80. The channel includes overhanging walls adjacent to the outer contoured surface.

81. The channel has lateral walls joined to a bottom wall, and the channel has an opening adjacent to the outer contoured surface.

82. The Accused Product includes a ridge wall extending from a bottom surface of the bottom wall opposite the channel. The ridge wall includes a retention barb.

83. The wings of the Accused Product are resiliently bendable between an uninstalled position and an installed position. When in an installed position, the tips of the wings are nearer to the opening than when in an uninstalled position.

84. The Accused Product has an end cap that has an outer shell and a coped portion. The coped portion has a complementary fit with the outer contoured surface when the elongate light holder is inserted into the coped portion.

85. The Accused Product's retention barb includes inclined surfaces and the catch surfaces facing the bottom surface of the bottom wall.

86. The overhanging walls of the Accused Product include inclined surfaces facing the outer contoured surface and adjacent to the outer contoured surface.

87. The overhanging walls of the Accused Product have catch surfaces facing the bottom wall of the channel.

88. These inclined surfaces and catch surfaces meet at terminal edges. These terminal edges are nearer to each other than the lateral walls.

89. The channel of the Accused Product is capable of receiving an LED light strip. When the wings are in the installed position, the lateral walls of the channel are biased against the LED light strip received within the channel.

90. The Accused Product includes a ridge wall that has a retention barb for engaging the groove of the retaining strip. A portion of the retention barb is wider than the ridge wall.

91. The Accused Product meets all of the claimed limitations and therefore directly infringes at least one claim of the '127 Patent.

92. Defendant, without authorization from Plaintiff, has directly infringed and continues to infringe at least one claim of the '127 Patent in violation of 35 U.S.C. §271(a), literally or under the doctrine of equivalents by making, using, offering for sale, and/or selling the Accused Product in the United States.

93. Defendant has made, offered for sale, or sold the infringing Accused Product after knowing of the '127 patent, and, unless enjoined by this Court, Defendant will knowingly and intentionally continue to engage in infringing behavior.

94. Defendant's use of Plaintiff's patented technology has caused, is causing, and will continue to cause Plaintiff irreparable harm unless enjoined by this Court.

**COUNT 2: INDUCED INFRINGEMENT OF THE '127 PATENT**

95. Paragraphs 1 through 94 of Plaintiff's Complaint are incorporated into Count 2 of Plaintiff's Complaint as if fully set forth herein.

96. Defendant, without authorization from Plaintiff, has knowingly and intentionally induced others to directly infringe at least one claim of the '127 patent in violation of 35 U.S.C. §271(b), by encouraging Defendant's customers, resellers or distributors to make, use, offer for sale, or sell the Accused Product for use with the retaining strip in an infringing manner.

97. The Accused Product, as installed with a retaining strip, directly infringes at least one claim of the '127 patent.

98. Defendant knew of the '127 patent when they encouraged Defendant's customers, resellers, or distributors to use the Accused Product with retaining strips and intentionally caused others to commit acts which constituted direct infringement of the '127 patent.

99. Defendant intended to encourage Defendant's customers, resellers, or distributors to directly infringe the '127 patent by using the Accused Product with retaining strips.

100. Defendant had the specific intent to encourage infringement when it made, used, offered for sale, or sold the Accused Product.

101. Defendant continues to induce others to infringe at least one claim of the '127 patent.

102. Defendant's customers' direct infringement of the '127 patent has caused, is causing, and will continue to cause Plaintiff irreparable harm unless enjoined by this Court.

103. Defendant, unless enjoined by this Court, will knowingly and intentionally continue to induce others to infringe the '127 patent.

104. Defendant's induced infringement of the '127 patent has caused, is causing, and will continue to cause Plaintiff irreparable harm unless enjoined by this Court.

## COUNT 3: CONTRIBUTORY INFRINGEMENT OF THE '127 PATENT

105. Paragraphs 1 through 104 of Plaintiff's Complaint are incorporated into Count 3 of Plaintiff's Complaint as if fully set forth herein.

106. At all times relevant, Defendant had knowledge of the '127 patent.

107. The Accused Product is not a staple article or commodity of commerce suitable for a substantial non-infringing use. The Accused Product has no use apart from holding an LED light. The Accused Product contains features only useable for holding an LED light and serves no use apart from that application. Defendant's customers only use the Accused Product with a retaining strip.

108. Defendant knew that others were using the Accused Product for an infringing use with a retaining strip.

109. Defendant continued to make, use, offer for sale, or sell the Accused Product to others who directly infringed the '127 patent.

110. Defendant intended for others to infringe the '127 patent by offering for sale and selling the Accused Product.

111. Defendant intended for others to infringe the '127 patent by offering for sale and selling other products to be used with the Accused Product in an infringing use.

112. Defendant provided product support and other information to customers to facilitate use of the Accused Product which directly infringes the '127 patent.

113. Defendant, without authorization by Plaintiff, knowingly and intentionally contributed to infringement of at least one claim of the '127 patent in violation of 35 U.S.C. § 271(c), by making, using, offering for sale, or selling the Accused Product with retaining strips in the United States.

114. Defendant continues to contribute to direct infringement of at least one claim of the '127 patent.

115. Defendant's contributory infringement of the '127 patent has caused, is causing, and will continue to cause Plaintiff irreparable harm unless enjoined by this Court.

116. Defendant, unless enjoined by this Court, will knowingly and intentionally continue to contribute to direct infringement by others of the '127 patent.

**<u>COUNT 4: DIRECT INFRINGEMENT OF THE '396 PATENT</u>**

117. Paragraphs 1 through 116 of Plaintiff's Complaint are incorporated into Count 4 of Plaintiff's Complaint as if fully set forth herein.

118. For reference, Claim 1 of the '396 Patent generally covers a light holding system for use in an RV ceiling, said ceiling including a joist having a width and a retaining strip being

fastened to said joist, said retaining strip having upstanding walls extending from a base, said upstanding walls defining a groove and said groove including retention nubs within said groove, said light holding system comprising: an elongate light holder having wings defining an outer contoured surface and said wings having tips, a channel extending beneath said outer contoured surface, said channel including overhanging walls adjacent to said outer contoured surface, said channel having lateral walls and said lateral walls joined to a bottom wall, said channel including an opening adjacent to said outer contoured surface, a ridge wall extending from a bottom surface of said bottom wall opposite said channel and said ridge wall including a retention barb, said wings being resiliently bendable between an uninstalled position and an installed position, said uninstalled position locating said tips of said wings at a first distance from said opening and said installed position locating said tips of said wings at a first distance from said opening and said second distance being nearer than said first distance with respect to said opening, when said wings are in said installed position said wings being biased away from said opening and toward said uninstalled position.

119. In reference to the ‘396 patent, the “Accused Product” includes the “Batten Channel.”

120. The “Batten Channel” is for use with a retaining strip.

121. The Accused Product meets all of the claimed limitations and therefore directly infringes at least one claim of the ‘396 Patent.

122. Defendant, without authorization from Plaintiff, has directly infringed and continues to infringe at least one claim of the ‘396 Patent in violation of 35 U.S.C. §271(a), literally or under the doctrine of equivalents by making, using, offering for sale, and/or selling the Accused Product in the United States.

123. Defendant has made, offered for sale, or sold the infringing Accused Product after knowing of the '396 patent, and, unless enjoined by this Court, Defendant will knowingly and intentionally continue to engage in infringing behavior.

124. Defendant's use of Plaintiff's patented technology has caused, is causing, and will continue to cause Plaintiff irreparable harm unless enjoined by this Court.

**COUNT 5: INDUCED INFRINGEMENT OF THE '396 PATENT**

125. Paragraphs 1 through 124 of Plaintiff's Complaint are incorporated into Count 5 of Plaintiff's Complaint as if fully set forth herein.

126. Defendant, without authorization from Plaintiff, has knowingly and intentionally induced others to directly infringe at least one claim of the '396 patent, in violation of 35 U.S.C. §271(b), by encouraging Defendant's customers, resellers or distributors to make, use, offer for sale, or sell the Accused Product for use with the retaining strip in an infringing manner.

127. The Accused Product as installed with a retaining strip directly infringes at least one claim of the '396 patent.

128. Defendant knew of the '396 patent when they encouraged Defendant's customers, resellers, or distributors to incorporate the Accused Product with retaining strips and intentionally caused others to commit acts which constituted direct infringement of the '396 patent.

129. Defendant intended to encourage Defendant's customers, resellers, or distributors to directly infringe the '396 patent by using the Accused Product with retaining strips.

130. Defendant had the specific intent to encourage infringement when it put the Accused Product into commerce by making, using, offering for sale, or selling the Accused Product.

131. Defendant has provided its customers with instructions on how to install the Accused Products it sells with a retaining strip.

132. Defendant's instructions show that Defendant intended to encourage others to directly infringe the '396 patent.

133. Defendant continues to induce others to infringe at least one claim of the '396 patent.

134. Defendant's customers directly infringe at least one claim of the '396 patent.

135. Defendant's customers' direct infringement of the '396 patent has caused, is causing, and will continue to cause Plaintiff irreparable harm unless enjoined by this Court.

136. Defendant, unless enjoined by this Court, will knowingly and intentionally continue to induce others to infringe the '396 patent.

137. Defendant's induced infringement of the '396 patent has caused, is causing, and will continue to cause Plaintiff irreparable harm unless enjoined by this Court.

## COUNT 6: CONTRIBUTORY INFRINGEMENT OF THE '396 PATENT

138. Paragraphs 1 through 137 of Plaintiff's Complaint are incorporated into Count 6 of Plaintiff's Complaint as if fully set forth herein.

139. At all times relevant, Defendant had knowledge of the '396 patent in suit.

140. The Accused Product is not a staple article or commodity of commerce suitable for a substantial non-infringing use. The Accused Product has no use apart from holding an LED light. The Accused Product contains features only useable for holding an LED light and serves no use apart from that application. Defendant's customers only use the Accused Product with retaining strips.

141. Defendant knew that others were using the Accused Product for an infringing use as installed with a retaining strip.

142. Defendant continued to make, offer for sale, or sell the Accused Product to others

who directly infringed the '396 patent.

143. Defendant intended for others to infringe the '396 patent by offering for sale and selling the Accused Product to be installed with a retaining strip.

144. Defendant provided product support and other information to customers to facilitate use of the Accused Product which directly infringes the '396 patent.

145. Defendant, without authorization by Plaintiff, knowingly and intentionally contributed to infringement of at least one claim of the '396 patent in violation of 35 U.S.C. § 271(c), by making, using, offering for sale, or selling the Accused Product with retaining strips in the United States.

146. Defendant continues to contribute to direct infringement of at least one claim of the '396 patent.

147. Defendant's contributory infringement of the '396 patent has caused, is causing, and will continue to cause Plaintiff irreparable harm unless enjoined by this Court.

148. Defendant, unless enjoined by this Court, will knowingly and intentionally continue to contribute to direct infringement by others of the '396 patent.

## COUNT 7: DIRECT INFRINGEMENT OF THE '411 PATENT

149. Paragraphs 1 through 148 of Plaintiff's Complaint are incorporated into Count 7 of Plaintiff's Complaint as if fully set forth herein.

150. For reference, Claim 14 of the '411 patent generally covers a light holding system comprising an elongate light holder having wings having tips, a channel extending beneath said outer contoured surface, said channel including overhanging walls adjacent to said outer contoured surface, said channel having lateral walls joined to a bottom wall, said channel including an opening adjacent to said outer contoured surface, said bottom wall having a bottom surface opposite said

channel said wings being resiliently bendable between an uninstalled position and an installed position, said uninstalled position locating said tips of said wings at a first distance from said opening and said installed position locating said tips of said wings at a second distance from said opening and said second distance being nearer than said first distance with respect to said opening, when said wings are in said installed position said wings being biased away from said opening and toward said uninstalled position.

151. In reference to the ‘411 patent, the “Accused Product” includes the “Batten Channel.”

152. Defendant has installed the Accused Product in an infringing manner.

153. The “Batten Channel” is for use with a retaining strip.

154. The Accused Product meets all of the claimed limitations and therefore directly infringes at least one claim of the ‘411 Patent.

155. Defendant, without authorization from Plaintiff, has directly infringed and continues to infringe at least one claim of the ‘411 Patent in violation of 35 U.S.C. §271(a), literally or under the doctrine of equivalents by making, using, offering for sale, and/or selling the Accused Product in the United States.

156. Defendant has made, offered for sale, or sold the infringing Accused Product after knowing of the ‘411 patent, and, unless enjoined by this Court, will knowingly and intentionally continue to engage in infringing behavior.

157. Defendant's use of Plaintiff's patented technology has caused, is causing, and will continue to cause Plaintiff irreparable harm unless enjoined by this Court.

**COUNT 8: INDUCED INFRINGEMENT OF THE '411 PATENT**

158. Paragraphs 1 through 157 of Plaintiff's Complaint are incorporated into Count 8 of Plaintiff's Complaint as if fully set forth herein.

159. Defendant, without authorization from Plaintiff, has knowingly and intentionally induced others to directly infringe at least one claim of the '411 patent in violation of 35 U.S.C. §271(b), by encouraging Defendant's customers, resellers or distributors to make, use, offer for sale, or sell the Accused Product for use with the retaining strip in an infringing manner.

160. The "Batten Channel" as installed with a retaining strip directly infringes at least one claim of the '411 patent.

161. Defendant knew of the '411 patent when they encouraged Defendant's customers, resellers, or distributors to incorporate the Accused Product with retaining strips and intentionally caused others to commit acts which constituted direct infringement of the '411 patent.

162. Defendant intended to encourage Defendant's customers, resellers, or distributors to directly infringe the '411 patent by incorporating the Accused Product with retaining strips.

163. Defendant had the specific intent to encourage infringement when it put the Accused Product into commerce by making, using, offering for sale, or selling the Accused Product.

164. Defendant provided instructions on how to use the Accused Products and those instructions instruct an infringing use of the Accused Products it sells.

165. Defendant's instructions show that Defendant intended to encourage others to directly infringe.

166. Defendant continues to induce others to infringe at least one claim of the '411 patent.

167. Defendant's customers directly infringe at least one claim of the '411 patent.

168. Defendant's customers' direct infringement of the '411 patent has caused, is causing, and will continue to cause Plaintiff irreparable harm unless enjoined by this Court.

169. Defendant, unless enjoined by this Court, will knowingly and intentionally continue to induce others to infringe the '411 patent.

170. Defendant's induced infringement of the '411 patent has caused, is causing, and will continue to cause Plaintiff irreparable harm unless enjoined by this Court.

**COUNT 9: CONTRIBUTORY INFRINGEMENT OF THE '411 PATENT**

171. Paragraphs 1 through 169 of Plaintiff's Complaint are incorporated into Count 9 of Plaintiff's Complaint as if fully set forth herein.

172. At all times relevant, Defendant had knowledge of the '411 patent in suit.

173. The Accused Product is not a staple article or commodity of commerce suitable for a substantial non-infringing use. The Accused Product has no use apart from holding an LED light. The Accused Product contains features only useable for holding an LED light and serves no use apart from that application. Defendant's customers only use the Accused Product with retaining strips.

174. Defendant knew that others were using the Accused Product for an infringing use as installed with a retaining strip.

175. Defendant continued to make, us, offer for sale, or sell the Accused Product to others who directly infringed the '411 patent.

176. Defendant intended for others to infringe the '411 patent by offering for sale and selling the Accused Product.

177. Defendant provided product support, instructions, and other information to

customers to facilitate use of the Accused Product which directly infringes the '411 patent.

178. Defendant, without authorization by Plaintiff, knowingly and intentionally contributed to infringement of at least one claim of the '411 patent in violation of 35 U.S.C. § 271(c), by making, using, offering for sale, or selling the Accused Product with retaining strips.

179. Defendant continues to contribute to direct infringement of at least one claim of the '411 patent.

180. Defendant's contributory infringement of the '411 patent has caused, is causing, and will continue to cause Plaintiff irreparable harm unless enjoined by this Court.

181. Defendant, unless enjoined by this Court, will knowingly and intentionally continue to contribute to direct infringement of the '411 patent by others.

**COUNT 10: INDUCED INFRINGEMENT OF THE '412 PATENT**

182. Paragraphs 1 through 181of Plaintiff's Complaint are incorporated into Count 10 of Plaintiff's Complaint as if fully set forth herein.

183. For reference, Claim 1 of the '412 Patent generally covers a light holding system comprising: a retaining strip; an elongate light holder having wings defining an outer contoured surface and said wings having tips, a channel extending beneath said outer contoured surface, said channel including overhanging walls adjacent to said outer contoured surface, said channel having lateral walls and said lateral walls joined to a bottom wall, said channel including an opening adjacent to said outer contoured surface, said bottom wall having a bottom surface opposite said channel, one of said bottom surface and said retaining strip having a ridge wall including a retention barb and the other of said bottom surface and said retaining strip having a groove including upstanding walls defining said groove and said groove including retention nubs within said groove, said wings being resiliently bendable between an uninstalled position and an

installed position, said uninstalled position locating said tips of said wings at a first distance from said opening and said installed position locating said tips of said wings at a second distance from said opening and said second distance being nearer than said first distance with respect to said opening, when said wings are in said installed position said wings being biased away from said opening and toward said uninstalled position.

184. In reference to the ‘412 patent, the “Accused Product” includes the “Batten Channel.”

185. Defendant, without authorization from Plaintiff, has knowingly and intentionally induced others to directly infringe at least one claim of the ‘412 patent in violation of 35 U.S.C. §271(b), by encouraging Defendant’s customers, resellers or distributors to make, use, offer for sale, or sell the Accused Product for use with the retaining strip in an infringing manner.

186. The Accused Product as installed with a retaining strip directly infringes at least one claim of the ‘412 patent.

187. Defendant knew of the ‘412 patent when they encouraged its customers, resellers, or distributors to incorporate the Accused Product with retaining strips and intentionally caused others to commit acts which constituted direct infringement of the ‘412 patent.

188. Defendant intended to encourage Defendant’s customers, resellers, or distributors to directly infringe the ‘412 patent by incorporating the Accused Product with retaining strips.

189. Defendant had the specific intent to encourage infringement when it put the Accused Product into commerce by making, using, offering for sale, or selling the Accused Product.

190. Defendant continues to induce others to infringe at least one claim of the ‘412 patent.

191. Defendant has provided instructions on how to install the Accused Product to its

customers.

192. Defendant's customers' direct infringement of the '412 patent has caused, is causing, and will continue to cause Plaintiff irreparable harm unless enjoined by this Court.

193. Defendant, unless enjoined by this Court, will knowingly and intentionally continue to induce others to infringe the '412 patent.

194. Defendant's induced infringement of the '412 patent has caused, is causing, and will continue to cause Plaintiff irreparable harm unless enjoined by this Court.

**COUNT 11: CONTRIBUTORY INFRINGEMENT OF THE '412 PATENT**

195. Paragraphs 1 through 194 of Plaintiff's Complaint are incorporated into Count 11 of Plaintiff's Complaint as if fully set forth herein.

196. At all times relevant, Defendant had knowledge of the '412 patent in suit.

197. The Accused Product is not a staple article or commodity of commerce suitable for a substantial non-infringing use. The Accused Product has no use apart from holding an LED light. The Accused Product contains features only useable for holding an LED light and serves no use apart from that application. Defendant's customers only use the Accused Product with a retaining strip.

198. At all relevant times, Defendant was aware of the '412 patent.

199. Defendant knew that others were using the Accused Product for an infringing use as installed with a retaining strip.

200. Defendant continued to make, us, offer for sale, or sell the Accused Product to others who directly infringed the '412 patent.

201. Defendant intended for others to infringe the '412 patent by offering for sale and selling the Accused Product to be installed with a retaining strip.

202. Defendant provided product support and other information to customers to facilitate

use of the Accused Product which directly infringes the ‘412 patent.

203. Defendant, without authorization by Plaintiff, knowingly and intentionally contributed to infringement of at least one claim of the ‘412 patent in violation of 35 U.S.C. § 271(c), by making, using, offering for sale, or selling the Accused Product with retaining strips in the United States.

204. Defendant continues to contribute to direct infringement of at least one claim of the ‘412 patent.

205. Defendant, unless enjoined by this Court, will knowingly and intentionally continue to contribute to direct infringement by others of the ‘412 patent.

206. Defendant’s contributory infringement of the ‘412 patent has caused, is causing, and will continue to cause Plaintiff irreparable harm unless enjoined by this Court.

## DEMAND FOR JURY TRIAL

Plaintiff demands a trial by jury on all issues so triable.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully prays that this Court enter judgment in its favor and grant the following relief:

a) declaring Defendant has infringed the ‘396, ‘411, and ‘412, and ‘127 patents;

b) an order permanently enjoining Defendant and all persons and entities acting in concert with Defendant, from manufacturing, using, selling and offering to sell the infringing product in the United States prior to the expiration of the ’127, ‘396, ‘411, and ‘412 patents;

c) declaring this case is exceptional within the meaning of 35 U.S.C. § 285;

d) an award of damages adequate to compensate it for Defendant’s

infringement of the ’127, ‘396, ‘411, and ‘412 patents including lost profits, but in an amount no less than a reasonable royalty, and that such damages be trebled according to 35 U.S.C. § 284;

e) awarding all costs and expenses of this action, including reasonable attorneys’ fees; and

f) awarding Plaintiff such further relief as the Court may deem just, necessary, and proper.

Dated: August 24, 2026

Respectfully Submitted,
BOTKIN & HALL, LLP

*s/ Michael D. Marston*

Michael D. Marston (26875-71)
mmarston@bhlawyers.net
Andrew J. Chabot (34537-71)
achabot@bhlawyers.net
1003 N. Hickory Road
South Bend, IN 46615
Tel.: (574) 234-3900

*Attorneys for Plaintiff*
*Sigma Switches Plus, Inc.*